Weldon, J.,
delivered the opinion of the court:
The claimant is the owner in fee, as he was at the time of the alleged appropriation of the property herein described by the defendants, of a certain tract of land in the District of Columbia, near the city of Georgetown. The tract at the time of the alleged appropriation contained 164,049 square feet.
For the purpose of furnishing the city of Washington with a supply of water the defendants constructed, and had maintained for man}" years prior to the ownership of plaintiff, upon the land belonging to them and adjoining the land of the plaintiff, an aqueduct leading from the Great Falls of the Potomac to a distributing reservoir near the city of Washington. The aqueduct consisted of an underground conduit 9 feet in diameter with a road of macadam on the top thereof, the water passing through said conduit into what is known as the distributing reservoir, situated a short distance west of the western limits of the city.
About 2 miles west of the said distributing reservoir there is maintained by the defendants what is known as the receiving reservoir, which is to be used in certain contingencies to supply the water necessary to the wants of the city.
In the conduit aforesaid (to be used in the event of a break taking’ place in the same and to regulate the flow of water) three weirs or openings are provided in the length of said conduit, one of which, No. 3, is situated between the receiving and distributing reservoir, about one-half mile above the latter, opposite the land of claimant and adjoining the same.
It is alleged that since the year 1894 there has been a great overflow of water from said weir out of said conduit over and across the land of the plaintiff, to such an extent that the same is practically appropriated to the use and benefit of the United States; that such use is necessary to the maintenance of said conduit and the supply of water to the inhabitants of the city of "Washington, and that because of said use and the necessity *508 of the same there is in fact an actual appropriation of said land to the use and .benefit of the defendants.
The claimant, as shown by the facts found, was, at the commencement of this suit, the owner in fee of the land oyer which the waste water from the conduit of the defendants flowed, having acquired it in April, 1891.
The theory of the plaintiff’s demand is, that the defendants in the use of weir No. 3 have appropriated the land of plaintiff by its use as and for an overflow; that the land subject to that use is practically and substantially taken, in being rendered useless and unfit for the purposes intended in its purchase, to wit, a place of residence. The property was purchased by claimant in the year 1891, and platted for the purpose of being sold for suburban residences.
The case was commenced upon the theory that the whole of lot 3 was appropriated by the defendants as an overflow of wasteweir No. 3, and that in consequence of such overflow there was an appropriation of the entire surface of lot 3; but the court took a different view of the rights of the claimant, and on the 2d of December, 1901, made the following order, to wit:
“This case, in the allegations of the petition and nature and character of the evidence, is founded upon the theory that there has been an appropriation by the United States of land belonging to the claimant in what is known as block No. 3, described in the petition. The tract contains 164,019 square feet of land, and is situated on the west of the defendant’s right of way for the conduit leading from the receiving to the distributing reservoir of the Washington waterworks.
“The court is of the opinion, that a portion of the land is taken or used by the appropriation of the United States, and that as to the land not physically affected by such appropriation the claimant has no right to recover.
“The testimony indicating the value of the land is applicable to the whole tract, and is not confined to so much of the land as, in the opinion of the court, it can be maintained that the United States have appropriated. It is impossible, therefore, for the court to determine in the present state of the evidence as to what are the rights of the party, founded upon the theory of appropriation; and without such theory the plaintiff would not have the right to recover, as the grievance complained of would ‘ sound' in tort ’ and come within the inhibition of jurisdiction as provided by the act of 3d of March, 1881, commonly known as the ‘Tucker Act.’ The *509 condition as indicated by the testimony and plats establishes that the United States have not, by their acts in permitting the water to flow from wasteweir No. 3, over and across the land, intended to appropriate and do not appropriate beyond a certain amount of the plaintiff’s land situated in the southeast corner of said tract No. 3. '
“Inasmuch as the evidence in the case is applicable to the whole tract embraced in lot No. 3, and inasmuch as but a portion of it is needed for the use of the Government, and is only intended to be taken by it, it is the opinion of the court that the appropriation should be confined in the assessment of compensation to a portion of the northeast corner of lot No. 3; and therefore the court suggests that the evidence in the case be circumscribed to the value of that portion of the land ■which may be substantial^ described as follows:
“ Commencing at the southeast corner of said tract, running thence soutlrwesterly with the line of Albany street to a point directly on Albany street south of a point mailting the confluence of the gully with the Maddox Branch; running thence from said point on Albany street north to said point of confluence; thence east to the right of way of the defendants, and thence south to the place of beginning.
“The evidence and exhibits in the case show that the land embraced in block 3 falls abruptly from its north, east, and south boundaries toward the gulljr formed by the Maddox Branch and the gully through Avhich the water flows from weir No. 3, making the entire surface of the block a natural declivity from its three boundaries toward the gully, and in the general direction of the west boundary formed by the right of waj’ of the natural wall.
“The evidence, plats, surveys, and photographs offered in evidence as tending to develop the character of the land also show that, in order to use it for any available purpose, it will have to be filled to the present surface of the surrounding land; that the cut made by Maddox Branch and the gully through which the waste water flows are, by nature, many feet belowtho surfaceof the surrounding land; thatMaddox Branch is a perennial stream, which at some periods of the.year carries a large body of water through the culvert and under the right of way of the defendants; that Maddox Branch must be kept open to afford the overflow of water that comes through the culvert and under the right of way of the defendants; and that a sewer or pipe could be made or laid in the gully leading from the wasteweir so as to connect with Maddox Branch or a sewer and thus accomplish the purpose of carrying the water which accumulates in said block in consequence of the overflow from the defendants’ conduit and the water running through the culvert and across said land by means of the branch.
*510 “It is therefore ordered that this caso be remanded to the general docket with leave to the parties to prepare their case upon the basis herein suggested. If the claimant elects not so to do, he will notify the court within thirty (30) days, when the case will be resubmitted.”
The parties adopted the suggestion of the court, and upon the basis of the order of the court the rights of the parties have been determined.
The land occupied and appropriated by the defendants as a right of way of the waste water from time to time discharged from wasteweir No. 3, as shown in the findings, is described as follows, to wit: “ Commencing at the southeast corner of said tract, running thence southwesterly with the line of Albany street to a point directly on Albany street south of a point marking the confluence of the gully with the Maddox Branch; running thence from said point on Albany street north to said point of confluence; thence east to the right of way of the defendants, and thence south to the place of beginning,” which forms a part and parcel of block No. 3 and is a portion of the land belonging to the claimant after the deduction of the right of way of the Washington and Great Falls Electric Railway Company, as shown in finding i.
Said land so described contains 23,328 square feet of land, which the defendants have used and appropriated as the overflow and outlet of said weir No. 3.
The said land was, at the time and during said appropriation, worth the sum of $3,732.